IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS DAYMOND ARMS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO STOP RESTITUTION<br><br><br><br>Case No. 2:02-CR-420 TS |

This matter is before the Court on Defendant's Motion to Stop Restitution. The Court construes Defendant's Motion as a request to adjust restitution pursuant to 18 U.S.C. § 3664(k) and will deny the Motion.

I.  BACKGROUND

On December 10, 2003, Defendant was sentenced to six months in the custody of the Bureau of Prisons, with credit for time served. Defendant was also ordered to pay $18,044.56 in restitution, jointly and severally with his co-Defendants.

On May 2, 2006, the Court terminated Defendant's supervised release, but continued his financial obligation for restitution. The Court stated, however, that it was "open to revisiting the

1

issue in the event that Defendant's continued payment toward restitution becomes inequitable in relation to his co-defendants over a period of time."[1]

Defendant has now filed the instant Motion, seeking to stop his restitution payments. Defendant asserts that he has payed over $3,000 in restitution payments and that he is the only one of his co-Defendants paying restitution. As a result, Defendant argues that he should not be required to continue to pay restitution.

## II. DISCUSSION

The Court construes Defendant's Motion as one seeking to adjust restitution payments under 18 U.S.C. § 3664(k). The provision states that Defendant may "notify the court and the Attorney General of any material change in the defendant's economic circumstance that might affect the defendant's ability to pay restitution."[2] Upon receiving such information, the Court may "adjust the payment schedule . . . as the interests of justice require."[3]

The Court finds that Defendant has failed to show that he has experienced the requisite change in circumstances. In support of his Motion, Defendant asserts that he is the only one of his co-Defendant's making restitution payments and that he has made over $3,000 in such payments. A review of the restitution information related to this case reveals that neither of these statements are true. Further, they do not provide a basis to adjust the restitution order, let alone suspend it completely. Therefore, the Court will deny the Motion.

---

[1] Docket No. 628, at 3.

[2] 18 U.S.C. § 3664(k).

[3] *Id*.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Stop Restitution (Docket No. 653) is DENIED.

DATED   September 13, 2011.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge